## Rauhauser v. Dover Township Zoning Board

*Horace G. Ports,* for appellants.
*Allen H. Smith,* for appellee.

BUCKINGHAM, J., August 14, 1972.—Applicant, Weigelstown Volunteer Fire Co., a nonprofit corporation, owns a lot of ground located in an area zoned residential by the zoning ordinance of Dover Township. Prior to the adoption of the ordinance, applicant constructed a building thereon for use as a social hall and as a fire station to house its fire trucks. Thereafter, applicant purchased an adjoining lot and applied to the Dover Township Zoning Hearing Board for a special permit (special exception) to demolish the residential building on the new lot and erect in its place a fire engine house. After a hearing, the special permit was granted subject to certain conditions not here relevant. Appellants, residing immediately south of the property in question, have appealed the board's decision to this court in a number of grounds but, by their brief, have narrowed them to two.

First, they contend that the action of the board was

not sanctioned by the ordinance. Section 201.1 of the ordinance permits "public buildings & uses" in a residential district by special permit. Appellants point out that the proposed building would not be a public building which applicant freely concedes. However, we are convinced that the use of the new building as a fire engine house would constitute a public use and would, therefore, be permitted under section 201.1 of the ordinance.

Appellants argue that it cannot be a public use since applicant is a private organization but the courts have long held that the question of private or governmental ownership is irrelevant if the facilities and services involved must be available to the public: Olcott v. County Board of Supervisors of Fond du Lac County, 83 U.S. 678, 21 L.Ed. 382 (1872).

Although no testimony was taken on this subject, it is apparent that the citizens in the area are entitled as of right to the fire protection offered by applicant. If this is so, applicant's new fire engine house would constitute a public use. Even if such protection was not available to all the residents, it would make no difference: Henisse v. York College, 83 York 114 (1969). In Jacobs v. Clearview Water Supply Company, 220 Pa. 388 (1908), our Supreme Court stated:

"To constitute a public use, it is essential that the general public be to some extent entitled to a fixed and definite right to participate in the use, not as a mere matter of favor, nor by permission of the owner, but as a matter of right. All the authorities agree that it is not essential that all citizens living in a community should have the same degree of interest in the use. It is sufficient that the general public, or any considerable portion thereof, should have a right to the use . . . An enterprise does not lose the character of a public use because that use may be limited by circumstances to a comparatively small part of the public."

In *Dornan v. Philadelphia Housing Authority,* 331 Pa. 209 (1938), the court said, starting at page 219:

" 'The test whether a use is public or not is whether a public trust is imposed upon the property, whether the public has a legal right to the use, which cannot be gainsaid, or denied, or withdrawn, at the pleasure of the owner. A particular enterprise, palpably for private advantage, will not become a public use because of the theoretical right of the public to use it. The question is, whether the public have a right to the use. . . . The true criterion by which to judge of the character of the use is whether the public may enjoy it by right, or only by permission. . . . To constitute a public use, the property must be under the control of the public, or of public agencies, or the public must have a right to the use.' . . . 'What constitutes public use is a point not free from difficulties, but wherever it appears from the attending circumstances that a section of road about to be constructed will in some direct way tend to contribute to the general public welfare, or the welfare of a considerable element of the public, it cannot be said that it will not serve a public use.' "

There is no constitutional requirement that the *entire* public benefit from a program before that program could be termed "public": Basehore v. Hampden Industrial Development Authority, 433 Pa. 40 (1968). In Shields v. Philadelphia, 405 Pa. 600 (1962), the court held that not even any considerable portion of the entire community should directly enjoy or participate in an improvement in order to make it a public one.

The foregoing discussion is probably superfluous in any event, since the Pennsylvania legislature has recognized that volunteer fire companies are engaged in the public service. For example, volunteer firemen are entitled to workmen's compensation protection as employes of the municipality: The Pennsylvania

Workmen's Compensation Act of June 2, 1915, P.L. 736, as amended, 77 PS §22a. The Vehicle Code provides for joint and several liability on the part of the municipality with any member of a volunteer fire company for any damage caused by the negligence of such member while operating the fire company equipment while engaged in the proper use thereof: Act of April 29, 1959, P.L. 58, 75 PS §623. It has been held that this statute recognizes the application of the doctrine of respondeat superior between a municipality and a volunteer fireman: Brinker v. Greensburg, 409 Pa. 110 (1962). A municipality may not replace a volunteer fire company with a paid fire company except by a majority vote of the voters: 53 PS §§3831-3834. The Supreme Court upheld these statutory provisions and paid tribute to the public service rendered by volunteer fire companies in Volunteer Fireman Relief Association of New Castle, Pa. v. DiLullo, 414 Pa. 138 (1964). Lastly, the Volunteer Firemen's Relief Association Act of June 11, 1968, P. L. 149, 53 PS §8501, et seq., was passed for the protection of volunteer firemen and, inter alia, specifically defines their service as "active duty in the protection of the public against fire": 53 PS §8502 (2).

Appellants' second contention is that applicant failed to show any hardship with respect to the present use of the new lot that would have justified the granting of a special permit. Appellants misconstrue the law. It is only where a variance is sought that the one requesting it has the burden of proof of establishing that unnecessary hardship, unique to the particular property, will result if the variance is not granted: Mobil Oil Corporation v. Zoning Board of Adjustment, 5 Comm. Ct. 535 (1972). Where a special exception is sought "[t]he burden is on the township and the protesting neighbors, if there are any, to prove by evi-

dence that the impact of the requested use in its normal operation would be injurious to the public health, safety and welfare": Zoning Hearing Board v. Konyk, 5 Comm. Ct. 466 (1972). In the present case, Mr. Rauhauser, one of the protestants, made some references to some possible parking and septic problems if the special permit were granted but produced no evidence to support his complaint. Appellants, therefore, have failed to meet their burden.

Where no additional evidence is taken by the court of common pleas on an appeal from the action of a zoning board of adjustment, the scope of review by the court is limited to a determination of whether the board abused its discretion or committed an error of law: Cohen v. Philadelphia Zoning Board of Adjustment, 3 Comm. Ct. 50 (1971). In reviewing this record, we find no abuse of discretion or error of law by the board. We do note, however, that while the board's decision does set forth the conclusions required by the Pennsylvania Municipalities Planning Code of July 31, 1968, P. L. 805, 53 PS §10908(9), it does not explain the factual bases which it would hold supports its position, which is also required by the code: Zoning Hearing Board v. Konyk, supra. This ordinarily would require a remand to the board but under the authority of Zoning Hearing Board v. Konyk, supra, we will refrain from doing so because we think the dispute before us is essentially a matter of law, not of fact. We, therefore, enter the following

## ORDER

And now, to wit, August 14, 1972, the decision of the Dover Township Board of Zoning Appeals is affirmed.

An exception is granted to the appellants.