360 A.2d 565.

ELPHEGE R. ROY *vs.* CITY OF WOONSOCKET *et al.*

JULY 30, 1976.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J. This is a civil action wherein the plaintiff, a taxpayer and resident of the city of Woonsocket, seeks to enjoin the municipality from converting a portion of an undeveloped real estate parcel near his Winthrop Street home into a city-owned and operated baseball field. The dispute was presented to a Superior Court justice on an alleged agreed statement of facts together with supporting memoranda of law. The trial justice denied and dismissed the complaint, and the plaintiff has appealed to this court.

The record indicates that in August 1969 the Woonsocket City Council adopted a comprehensive plan which updated a land use program that had been in effect since 1961. In the introduction to the 1969 proposal, the planners indicated that Woonsocket had a growth potential which in time and with proper design and development could make the city become more attractive to developers and potential residents. The 1969 endeavor was the culmination of the efforts of the city's planning board which had presumably held a series of mandatory public hearings pursuant to Woonsocket's charter. The record indicates that land abutting three sides of the Citizens Memorial Elementary School was classified as an area reserved for "Park, Recreation, and Open Space" uses. This area runs along the southerly side of Diamond Hill Road and lies just to the west of Winthrop Street. One of the specific proposals alluded to by the planners was the expansion and improvement of park and school facilities at this location.

In April 1974, the city's planning director selected a portion of this area as the most suitable location to serve a neighborhood need for a baseball field. Within days the city council made the necessary appropriation, and the clearing, grading, and filling of the real estate began. When the construction equipment was removed and the cry "Play

ball" was heard, there was a so-called Little League baseball diamond in the area immediately adjacent to the elementary school and somewhere to the rear of plaintiff's residence.

In his appeal, plaintiff first contends that the conversion of the undeveloped portion of the subject property into a baseball field was a nullity because in 1974 the city officials failed to hold a public hearing before they commenced construction activities at this site. In taking this position, plaintiff fails to see the difference between the implementation of a plan and the amendment of a plan. The hearing requirements referred to in the charter[1] relate only to an amendment or change in the plan. The director's site selection and the council's appropriation of funds are actions which effectuate, not change, the plan's 1969 designation of the subject property as the location for a facility that would serve the public's recreational needs. The charter's public hearing requirements have no applicability to the site selection or the appropriation of money.

The plaintiff next argues that the baseball field which is found near his residence is neither open to the public nor classifiable as a park. According to plaintiff, a baseball field is a baseball field and a park is a park, and never the twain shall meet. Apparently, when plaintiff thinks of a park, he envisions an open area having a sufficient number of walks and roadways, something which will "* * * afford pleasure to the eye as well as opportunity for open-air recreation."

Actually, the term "park" suggests many meanings. At this moment New England's sole representative in major league baseball, the Boston Red Sox, is attempting

---

[1] While the plaintiff relies on the hearing proviso found in Woonsocket's charter, it should be pointed out that G. L. 1956 (1970 Reenactment) §45-22-6 requires all municipalities to hold a public hearing before a modification or amendment is made to their comprehensive plans.

to defend its American League championship. If plaintiff is a devotee of baseball (when it is not played in his backyard), he is probably aware that the Red Sox play their home games at Fenway Park.

We need not rest this portion of our decision on what one reads in the newspaper, but we can, in matters such as this, employ other sources of reference or assistance. For example, we direct plaintiff's attention to Webster's Third New International Dictionary, where the noun "park" is defined as "a tract of land maintained by a city or town as a place of beauty or of public recreation." Additionally, we can turn to holdings in other jurisdictions and find that the word "park," in its everyday usage, is broad enough to include a galaxy of recreational facilities which the public employs for refreshment or recreation, including a golf course, swimming pool, croquet or tennis courts, baseball field, band shell, and, yes, even a zoo. *Borough of Fenwick* v. *Town of Old Saybrook,* 133 Conn. 22, 47 A.2d 849 (1946); *Shields* v. *City of Philadelphia,* 405 Pa. 600, 176 A.2d 697 (1962); *Johnson City* v. *Cloninger,* 213 Tenn. 71, 372 S.W.2d 281 (1963).

Finally, the plaintiff contends that even if the facility built by the city is a park, it is not a public park. In espousing this position, the plaintiff first asserts that the agreed statement of facts makes it clear that Woonsocket built a field designed for the exclusive use of the Little League. He then directs our attention to *Fortin* v. *Darlington Little League, Inc.,* 514 F.2d 344 (1st Cir. 1975), where the court struck down a league proviso which excluded girls from participating in league activities as a member of one of the teams. Charges of sex discrimination cannot be interjected into this discussion because there was no agreed statement of facts presented to the trial justice. What is in the record is merely a stipulation of facts prepared by the plaintiff, in which he referred to

the construction of a Little League baseball field. The city in its answer specifically denied that the field being built was to be a Little League field. Consequently, because of this disagreement the plaintiff had the burden of presenting evidence to support the proposition which he now propounds. *Merlino* v. *Tax Assessors,* 114 R. I. 630, 639, 337 A.2d 796, 802 (1975). Having failed to do so, his sex discrimination argument falls upon deaf ears.

The plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Edward F. St. Onge,* for plaintiff.

*Aram P. Jarret,* for defendants.