## Gremminger (et al., Appellant) *v.* Eyre.

Argued January 13, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Louis H. Wilderman,* with him *Wilderman, Markowitz & Kirschner,* for appellant.

*Philip A. McMunigal, Jr.,* City Solicitor, for City of Chester, appellee.

OPINION BY MR. JUSTICE COHEN, March 22, 1965:

In *Steffy v. Reading,* 353 Pa. 539, 46 A. 2d 182 (1946), we held that a paid driver of a volunteer fire company constituting part of the fire department of a third class city was not an employee of the city and hence not entitled to the civil service protection provided by the applicable statute. The criteria necessary for that determination are completely different and distinct from the considerations involved in the determination of whether the drivers of fire-fighting equipment owned, maintained and repaired by a city of the third class are employees of the city and entitled to the benefits and restrained by the obligations of the Act of June 30, 1947, P. L. 1183, 43 P.S. §215.1. The Act of 1947 accomplishes two basic objectives: (1) it

prevents public employees[1] from striking and (2) it provides for the establishment of a panel to be set up to hear the grievances of the public employees.

Plaintiffs here seek to require by mandamus the establishment of the provided for grievance panel which defendant-city has refused to establish, maintaining that since the drivers are not "public employees" they have no rights under the Act. The lower court sustained the city's position and refused the writ, dismissed the action and entered judgment for defendant-city. We reverse.

The occasion and necessity for the Act of 1947, together with the stipulations, testimony and exhibits filed before the lower court showing the extent of the City of Chester's control over the employment and dismissal of the plaintiffs, the supervision exercised over their fire-fighting duties and the source of their compensation convince us that for the purposes of the Act of 1947 they are "public employes" of the City of Chester and as such are entitled to seek redress of their grievances by resort to the Act of 1947.

Judgment reversed and record remanded to the court below for action consistent with this opinion.

Mr. Chief Justice BELL and Mr. Justice JONES dissent.

---

[1] "(a) The term 'public employe' includes all persons holding a position by appointment or employment in the government of the Commonwealth of Pennsylvania, or under any of its agencies, boards, commissions or other branches, or in the government of any political subdivision of the Commonwealth, or any authority, or in the public school system." Act of June 30, 1947, P. L. 1183, §1(a), 43 P.S. §215.1(a).