590

Local 1400, Chester City Fire Fighters Association, Affiliated with the International Association of Fire Fighters, AFL-CIO, by its Trustee Ad Litem James McDonald, President of Local 1400, and on his own behalf, Appellants, *v.* John H. Nacrelli, Mayor of Chester, Pennsylvania, and Councilmen of Chester, Pennsylvania, James Sharp, Leo Holmes, Clement McGovern and Alexander Osowski, Appellees.

Argued October 8, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*Louis H. Wilderman,* with him *Meranze, Katz, Spear & Wilderman,* for appellants.

*Melvin G. Levy,* with him, of counsel, *Levy and Levy,* for appellees.

OPINION BY PRESIDENT JUDGE BOWMAN, December 13, 1974:

The Chester City Fire Fighters Association (Local 1400) has taken an appeal from an order of the Court of Common Pleas of Delaware County sustaining Chester City's preliminary objections and dismissing Local 1400's complaint in mandamus.

The controversy presently before this Court has its roots in the passage of the Act of June 24, 1968, P. L. 237, 43 P.S. §217.1 et seq., commonly referred to as Act No. 111. This statute authorizes firemen and policemen, employed by political subdivisions of the Commonwealth, to unionize and, thereafter, to engage in collective bargaining with their public employer. In 1969, Local 1400 initiated a mandamus action against the City of Chester pursuant to Act No. 111. As to that action, suffice it to say at this point that the City of

Chester was directed to bargain collectively with Local 1400 concerning terms and conditions of employment. *Local 1400, Chester City Fire Fighters Assn. v. Nacrelli*, 52 Pa. D. & C. 2d 34 (1971).

When bargaining between Local 1400 and the City of Chester reached an impasse, the deadlocked negotiations were submitted to binding arbitration. On December 9, 1971, the arbitrators issued their arbitration award which contained the two articles presently in controversy. Article VIII(a) of the award entitled "Seniority" provided: "A. For the purpose of interpreting the applicable provisions of this Award, each member of the bargaining unit shall be deemed to have been employed by the City of Chester on the date of his last hire by a Chester fire company or by the City of Chester, whichever is earlier." In essence, this section of the award provided for "past service credits" for firemen now employed by the City of Chester who were previously employed by volunteer fire companies.

Article XVII of the award entitled "Pensions" provided: "The City shall establish a pension plan for all members of the bargaining unit in accordance with the applicable requirements of the Third Class City Code, as amended." Article XVII, establishing a pension plan, when construed with Article VIII, providing for past service credits, mandates that a fireman's eligibility for receiving pension benefits be computed from his initial date of employment, be it with a volunteer fire company or with the City, as opposed to measuring pension eligibility from the effective date of the award, January 1, 1972.

In order to implement the arbitrators' award, the Council of the City of Chester adopted Ordinance No. 79, wherein it specifically rejected that provision of the award providing for past service credits: "WHEREAS, prior to January 1, 1972, *none of the firemen* in the five (5) fire companies in the City of Chester were em-

ployees of the City of Chester; and" (Emphasis added.) The line of disagreement having been delineated, Local 1400 then initiated the present mandamus action against the City praying for enforcement of the arbitrators' award as regards past service credits. The City filed preliminary objections to this complaint in the nature of a demurrer alleging that the City could not legally provide for past service credits and, therefore, the arbitration award, insofar as it provided for past service credits, was illegal and void. *See Washington Arbitration Case*, 436 Pa. 168, 259 A. 2d 437 (1969). The lower court sustained these preliminary objections and dismissed Local 1400's complaint. This appeal thereafter followed.

The record in this appeal consists of the complaint in mandamus to which the arbitration award and city ordinance are attached as exhibits, the preliminary objections, and the lower court's opinion and order sustaining the preliminary objections and dismissing the complaint. In dismissing plaintiffs' complaint, the lower court concluded (a) that *Gremminger v. Eyre*, 417 Pa. 461, 208 A. 2d 263 (1965), holding that paid drivers of volunteer fire companies in Chester were "public employees" of the City for the purposes of the Act of June 30, 1947, P. L. 1183, *as amended*, 43 P.S. §215.1, was not controlling as to the issues raised in this controversy, and (b) that a prior decision of the Delaware County Court in *Nacrelli, supra,* from which no appeal had been taken, must be interpreted to mean that all benefits derived from the collective bargaining process ordered to be undertaken were to be prospective from January 1, 1972. In reaching this latter conclusion, the lower court considered and discussed an actuarial study prepared for the City incident to establishing a firemen's pension fund, which study is not a part of the record. Having so concluded, the lower court did not reach the issue of whether a third class

city, upon initiation of a pension plan for firemen, has the power and authority to provide for past service credits, assuming such firemen to have been employees of the City over the period of time for which past service credits are sought.

In this appeal, appellants assert that *Gremminger, supra,* is controlling of the issue of the status of paid fire drivers for volunteer fire companies as City employees for the period to be covered by past service credits mandated in the arbitration award; that the intendment of the lower court in its order in *Nacrelli, supra,* was not to prohibit provision for past service credits in the collective bargaining process ordered to be undertaken; and that the applicable provision of the third class city code requiring a firemen's pension fund to be established by the City does not prohibit the inclusion of past service credits in such a plan (Sections 4320-4326, The Third Class City Code, Act of June 23, 1931, P. L. 932, *as amended,* 53 P.S. §39320-39326 (Supp. 1974-1975)).

We agree with the lower court that *Gremminger* is not controlling of the issue of the employment status of a number of firemen who for the period of the past service credits here involved appear to have been paid fire drivers for volunteer fire companies in the City. In *Gremminger,* the Supreme Court held on the basis of "stipulations, testimony and exhibits . . . showing the extent of the City of Chester's control over the employment and dismissal of the plaintiffs, the supervision exercised over their fire-fighting duties and the source of their compensation" that the firemen were "public employees" for the purposes of the Act of 1947. While the decision may be persuasive, we cannot now say, in the absence of a record establishing the employment relationship between the parties, that for the purposes of Act No. 111, these individuals were or were not fire-

men prior to January 1, 1972, and for a period of time subsequent to that involved in *Gremminger*.

We disagree, however, with the controlling significance accorded by the lower court to its prior order in *Nacrelli*. Whatever may have been intended by its order which, after directing collective bargaining to take place, provided that the results thereof "shall be prospective in nature and shall be first applicable to the fiscal year . . . commencing January 1, 1972," this portion of its order cannot be accorded controlling significance upon principles of res adjudicata as the issue of past service credits and the employment status of those to benefit therefrom was not before the court in that case. It was also improper for the lower court in this case, in disposing of preliminary objections, to consider actuarial studies, not a part of the record, as an aid in determining the intent of its prior order in *Nacrelli, supra*.

The lower court's dismissal of plaintiffs' complaint without further pleadings and evidentiary hearing, if necessary, produces the anomalous result of denying to plaintiffs an opportunity to establish facts concerning their employment status notwithstanding its conclusion that *Gremminger* does not favorably support plaintiffs on this mixed issue of fact and law.

As the lower court did not specifically pass upon the question of whether a third class city in establishing a firemen's pension fund may lawfully provide for past service credits, and in light of our decision herein, we do not decide this issue at this time. Pertinent to this issue are *Washington Arbitration Case, supra; Taylor v. Abernathy,* 422 Pa. 629, 222 A. 2d 863 (1966); *Cheltenham Township v. Cheltenham Township Police Department,* 11 Pa. Commonwealth Ct. 348, 312 A. 2d 835 (1973); *Allegheny County Firefighters, Local 1038, International Association of Firefighters v. Allegheny*

*County*, 7 Pa. Commonwealth Ct. 81, 299 A. 2d 60 (1973).

The order of the lower court sustaining defendants' preliminary objections and dismissing plaintiffs' complaint is hereby reversed. This case is remanded for further proceedings including further pleadings and evidentiary hearing, if necessary, to ensure determination of all issues raised and consistent with this opinion.