## Glover v. The Council of the City of Washington

*Frank C. Carroll,* for plaintiff.
*Clark A. Mitchell,* for defendants.

RODGERS, *J.,* May 15, 1985—In this case, Allen Gary Glover, plaintiff, a permanently disabled retired fireman of the City of Washington, has filed a complaint in mandamus seeking a pension or other appropriate relief from defendants. For reasons hereinafter stated, the court finds that plaintiff, Allen Gary Glover, is entitled to credit for five years of service in the armed services of the United States subsequent to September 1, 1940, and upon payment by plaintiff to the Firemen's Pension Fund of the City of Washington of an amount equal to that

which he would have paid had he been a member during the period for which he desires credit, and upon his payment to such ·fund of an additional amount as the equivalent of the contribution by the city on account of such military service, the defendant, Board of Managers of the Firemen's Pension Fund of the City of Washington, shall grant to the plaintiff a retirement pension as specified in Article V and Article VI of the by-laws of the Firemen's Pension Fund óf the City of Washington, and in accordance with the provisions of sections 4321 and 4322 of the Third Class City Code, 53 P.S. §39321, and 53 P.S. §39322.

In the alternative, plaintiff, Allen Gary Glover, at his option, if he does not desire such pension by payment by plaintiff to the Firemen's Pension Fund of the City of Washington of the amounts required to entitle him to credit for military service, may apply to the Firemen's Pension Fund for refund of the total amount of his contributions into the pension fund, and upon receipt of such application by plaintiff, the defendant, Board of Managers of the Firemen's Pension Fund of the City of Washington, shall refund to plaintiff the total amount of his contributions.

The court finds that on or about January 7; 1983, plaintiff, Allen G. Glover, resigned his job as a fireman for the City of Washington, effective January 10, 1983, having served as a fireman for the city since December 16, 1966, and requested that he be placed on pension pursuant to the regulations and by-laws of the Firemen's Pension Fund of the City of Washington.

On or about January 24, 1983, the Board of Managers óf the Firemen's Pension Fund denied his request for pension because he had only 16 years of service, instead of a minimum period of 20 years,

and because his disability was not incurred in the line of his duty as a fireman.

Further, although plaintiff had served in the armed services of the United States for a period of five years subsequent to September 1, 1940, the city determined that he was not eligible for credit for such military service for any period exceeding 12 months of such military service.

Plaintiff has claimed that he is entitled to a pension on various grounds: (1) under the by-laws of the Firemen's Relief Association, a nonprofit corporation made up of persons employed as firemen by the City of Washington, whose liabilities had been assumed by defendant, Firemen's Pension Fund of the City of Washington, he was entitled to a pension on account of disability even though such disability was not incurred in the line of service as a fireman, and even though he had not served for at least 20 years; (2) that by reason of his military service for five years in the armed forces of the United States, he was entitled to full credit for such service upon payment of the necessary contributions to qualify plaintiff for 20 years of continuous service. In the alternative, plaintiff claims, and defendants do not dispute his right to a refund of his contributions into the pension fund if he is not entitled to a pension.

In December of 1978, the Firemen's Relief Association filed its complaint in mandamus against the City of Washington to require defendant to establish a Firemen's Pension Fund, and to take over the private pension fund of the Firemen's Relief Association whose funds had been derived from contributions from members; dues, monies paid from the foreign fire insurance premiums to the Commonwealth of Pennsylvania, and interest or income earned from investments.

Section 4320 of the Third Class City Code, 53 P.S. §39320 as amended in 1968, required third class cities to provide annuity contracts or establish, by ordinance, a firemen's pension fund, provided that where there was an existing private fund such as the Firemen's Relief Association, no such firemen's pension fund should be established by the city unless two-thirds of the members of the relief association elected to transfer the existing fund into the pension fund required to be established by the city.

Section 4324 of the Third Class City Code, 53 P.S. §39324 required the city to pay not less than one-half of one percent of all city taxes to the firemen's pension fund established by the city.

In an affidavit appearing of record at no. 305, December term, 1978, the Firemen's Relief Association, by its counsel, represented and the representatives of the city agreed that on June 28, 1979, the Firemen's Relief Association had 40 members; that after due notice on June 28, 1979, 36 members voted, 35 yes and one no, and it is further undisputed in this proceeding that plaintiff, Allen Gary Glover, voted in favor of the establishment of a firemen's pension fund by the city, and the transfer to such fund of the funds of the Firemen's Relief Association.

On November 9, 1979, this court approved the transfer of the existing funds into a pension plan required to be established by the city, since it appeared that members of the Firemen's Relief Association had so elected. The precise amount to be transferred was not specified because the funds of the Firemen's Relief Association had also been used to some extent to pay certain medical and other expenses, in addition to pensions.

Section 4325 of the Third Class City Code, 59 P.S. §39325 did specify that funds transferred from oth-

er pension funds not established solely for the purpose of pensioning members of the fire department should be justly and equitably divided, and in the case of disagreement as to the amount to be transferred, the disagreement to be resolved by the city council whose action would be final. It also provided that nothing contained in this section should be construed to relieve any existing pension fund of its liability to continue payment of pensions to retired members of the fire department in accordance with the laws and regulations under which such members were retired.

Plaintiff, Glover, now claims he had a vested contractual right under the by-laws of the Firemen's Relief Association which, by operation of law, was assumed by the Firemen's Pension Fund of the city. He claims that he never gave up that right because he was never permitted to vote on the by-laws of the Firemen's Pension Fund, disallowing pensions for members not disabled in the line of duty.

However, plaintiff was unable to point to any provision of the Third Class City Code which requires the city to assume all liabilities of the private pension fund known as the Firemen's Relief Association. The only provision in the Third Class Code, 53 P.S. §39325, relating to the transfer of funds to a fund to be established by the city says that the existing fund, that is the Firemen's Relief Association, is not relieved of its liability to continue payments of pensions to retired members of the fire department in accordance with the laws and regulations under which such members were retired.

It is, of course, hornbook law that a third class city, such as defendant, has no power to enact ordinances authorizing pensions, except as specifically authorized by the legislature, and that any ordinance not in conformity with its enabling statute is

invalid; Taylor v. Abernathy, 422 Pa. 629, 222 A.2d 863 (1966); Local 1400 Chester City Fire Fighters' Association v. Mayor of Chester, 30 Pa.Commw. 242, 373 A.2d 472 (1977). Section 4322 of the Third Class City Code, 53 P.S. §39322 specifically authorizes payment of pensions to members for permanent injury incurred in service, and "to families of members killed in service". In the case at bar, it is undisputed that the disability was not incurred in service as a fireman.

Plaintiff, Glover, became a member of the Firemen's Pension Fund established by defendant city only when such fund was established by the city in 1979, and he became a member on the basis of the by-laws of the Firemen's Pension Fund of the city, which did not provide pensions for disability not incurred in service.

Furthermore, plaintiff was subject to the amendment of the by-laws of the Firemen's Relief Association, if adopted by two-thirds vote of all members of the association, which was also accomplished by the overwhelming approval of the members of the Firemen's Relief Association on June 28, 1979. The record establishes the reason for such overwhelming vote. The payment of benefits to the members of the Firemen's Relief Association was derived from monthly dues of $1.50 per month, grants by the Commonwealth from premiums paid by foreign fire insurance companies, with no requirement by contribution by the fireman's employer, the City of Washington. By requiring the City of Washington to establish a Firemen's Pension Fund under the Third Class City Code, the Firemen's Relief Association, and its members, required the city to pay at least one-half of one percent of all city taxes into their fund, eliminated the minimum age for retirement, and reduced the period of continuous service

for members such as plaintiff from 25 years to 20 years.

Furthermore, by a vote approving the transfer of the funds to the fund established by the city, the plaintiff, Glover, exchanged his old contractual rights under the by-laws of the Firemen's Relief Association to the new obligations and benefits provided under the new pension fund. Osser v. City of Philadelphia, 506 Pa. 339, 485 A.2d 392 (1984). As the Supreme Court of Pennsylvania pointed out in Osser; 485 A.2d 392 at 395:

"Under the Commonwealth Court's interpretation of Nacrelli, a pensioner could enjoy the best of both worlds by choosing the benefits of the new pension plan, but claiming the 'protections' of the old for purposes of disqualification. This was never the intent, nor is it a logical extension of Nacrelli. Nacrelli merely protects those who have gained contractual rights from having those rights later affected through the unilateral action of a governmental body. This is all that the Constitution requires. It does not empower, nor should anyone expect, this court or any court to rewrite the contractual obligations of parties who bilaterally choose to alter their contractual status. Having chosen to exchange his rights under the old pension program for those of the new, appellee Osser irrevocably chose to be bound by §217 of the new plan and is, therefore, not now entitled to receive pension benefits pursuant to the plan."

Plaintiff has also argued that since the city has not expressly refused to assume the liabilities of the Firemen's Relief Association, it is bound by the provisions of the collective bargaining agreement between the city and the fire fighters, which stated:

"All rights, privileges, and working conditions which are presently a function of the fire depart-

ment and which are not included in his contract shall remain in full force, unchanged and unaffected in any manner during the terms of this contract unless changed by mutual consent."

A short answer to this contention is provided by the case of Local 1400 Chester City Fire Fighter's Association v. Mayor of Chester, supra, that a collective bargaining agreement cannot authorize action by the city, unless the power has expressly been given to the city by the legislature to take such action, citing Washington Arbitration Case, 436 Pa. 168, 259 A.2d 437 (1969).

Plaintiff's contention, however, that he is entitled to purchase the necessary military credit stands on a different footing. The code provision in question says this at 53 P.S. §39321:

"With the approval of council, all members of the firemen's pension fund who are contributors and who served in the armed forces of the United States subsequent to September 1, 1940, and who were not members of the firemen's pension fund prior to such military service, shall be entitled to have full credit for each year or fraction thereof, not to exceed five years of such service upon their payment to the firemen's pension fund of an amount equal to that which they would have paid had they been members during the period for which they desire credit, and their payment to such fund of an additional amount as the equivalent of the contributions of the city plus any interest the city would have been required to pay on the contributions on account of such military service."

The city argues that since it has the option of not approving any credit for military service, it may grant credit for any period from one day to five years; that is, it is not unreasonable, says the city, to

grant credit for only up to one year of military service rather than up to five years.

Plaintiff, on the other hand, argues that the city has the option only of deciding whether any credit shall be granted for military service or to grant full credit for each year to a maximum of five years.

As a general rule, pension statutes are to be liberally construed in favor of the pensioner. See Borough of Beaver v. Liston, 76 Pa. Commw. 619, 464 A.2d 679 (1983). The city does not claim that the limitation of full credit for military service not to exceed 12 months, is based upon any actuarial considerations. Indeed, the city does not dispute the evidence submitted by plaintiff that the resolution adopted in July of 1981 was for the purpose of allowing a former chief of police of the city to qualify for a pension.

The code language is mandatory: ". . . all members of the firemen's pension fund . . . shall be entitled to have full credit for each year or fraction thereof, not to exceed five years of such service . . . ." Further, the city's argument proves too much. The same section of the code does not require the council to prescribe any minimum age. Therefore, to follow the city's argument, it may prescribe a minimum age of less than 50 years, which is expressly forbidden by the statute. Here plaintiff need purchase about four years of credit for his military service. The city has not furnished any reason for granting credit up to one year of military service, and refusing to grant such credit to the maximum of five years specified by the statute. This court, therefore, holds that the city's resolution granting such credit for only up to one year is not in conformity with the enabling statute.

The Statutory Construction Act of 1972, 1 Pa.C.S. §1925 says:

"The provisions of every statute shall be severable. If any provision of any statute or the application thereof to any person or circumstance is held invalid, the remainder of the statute, and the application of such provision to other persons or circumstances, shall not be affected thereby, unless the court finds that the valid provisions of the statute are so essentially and inseparably connected with, and so depend upon, the void provision or application, that it cannot be presumed the General Assembly would have enacted the remaining valid provisions without the void one; or unless the court finds that the remaining valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent."

The rules of statutory construction are applicable to statutes and ordinances alike. Greenwood Township v. KEFO Inc., 52 Pa. Commw. 367, 416 A.2d 583 (1980); where a reasonable result can be effected, severance of the ordinance is appropriate. See Hopewell Township Board of Supervisors v. Golla, 499 Pa. 246, 452 A.2d 1337 (1982).

In the case of Kidwell v. T. S. Fitch et al., 38 Wash. Co. Rep. 146 (1958) Judge Weiner struck down a provision of the ordinance of the City of Washington which required a minimum age of 60 years to qualify for a pension, instead of the minimum of 55 specified by statute. Judge Weiner pointed out that while the Act of Assembly in question did not compel the city to adopt the system permitted by the act "yet when it exercises its option to do so, it is bound to accept the provisions of the act in toto".

The court found that plaintiff was qualified for a pension after 20 years of service upon reaching the age of 55, as required by statute.

In the case at bar, therefore, the court finds that plaintiff is qualified to receive a pension upon payment of the amount necessary to qualify him for 20 years continuous service, being about four years more or less.

Of course, if plaintiff does not desire to purchase credit for his military service, and thus qualify for a pension, the defendant, upon application by plaintiff, shall refund the full amount of plaintiff's own contributions without interest.

## ORDER OF COURT

And now, this May 15, 1985, defendant, the Board of Managers of the Firemen's Pension Fund of the City of Washington, shall grant to plaintiff, Allen Gary Glover, a pension as specified by the by-laws of the Firemen's Pension Fund of the City of Washington, and in accordance with the Third Class City Code, upon payment by plaintiff of the amount which he would have paid had he been a member during the period for which he desires credit, and such additional amount as the equivalent of the contribution of the city on account of such military service, not to exceed five years.

If plaintiff, Allen Gary Glover, does not desire to purchase such credit by reason of his military service, upon application, the defendant, Pension Fund, shall refund to plaintiff the total amount of his own contributions to the fund, without interest.