## Brinker, Appellant, v. Greensburg.

Argued September 27, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*John D. Lyons, Jr.,* with him *Scales and Shaw,* for appellant.

*Robert W. Smith, Jr.,* with him *Smith, Best and Horn,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, November 13, 1962:

This appeal presents two questions: (1) is a volunteer fireman, an employee of a third class city for purposes of the Workmen's Compensation Act but not otherwise, or generally, a city employee, barred from suing the city in a trespass action to recover damages sustained while he was engaged in the performance of his duties as a volunteer fireman?; (2) if he is barred, is the city nevertheless required to defend in a trespass action which such volunteer fireman has instituted jointly against the city and another defendant?

On April 7, 1959, H. D. Brinker, a member of Hose Company No. 6, a volunteer fire company in the City of Greensburg (City), was driving his own automobile to the fire company's station house for standby service during a fire. At the intersection of West Otterman and Westminster Streets in Greensburg, a collision occurred between Brinker's automobile and a fire truck owned by Hose Company No. 6 which was then being operated, en route to a fire, by Stinson Brown. As a result of this collision, Brinker sustained both personal injuries and damage to his automobile.

Brinker instituted a trespass action in the Court of Common Pleas of Westmoreland County against both Brown, the operator of the fire truck, and the City. Brinker's complaint, consisting of three counts, alleges both joint and several liability on the part of Brown and the City. The City filed an answer containing new matter wherein it averred that Brinker was a volunteer fireman acting, *at the time of the accident,* in the course of his duties; that, as such volunteer fireman, Brinker was within the provisions of the Workmen's Compensation Act; that, after the accident, Brinker applied for and received the benefits to which he was entitled under that Act; that he, therefore, was an employee to whom the City was not liable in a trespass action. Brinker, responding to the City's new matter, averred that he was only a *limited* employee for the purposes of the Workmen's Compensation Act and that his relationship to the City as such did not bar this trespass action. The City moved for and the court below granted judgment on the pleadings. From such judgment this appeal was taken.

Certain facts, for the purpose of this appeal, may be taken as established: (a) at the time of accident Brinker was performing the duties of a volunteer fireman for the City; (b) as such volunteer fireman Brinker was within the provisions of and received benefits from the Workmen's Compensation Act; (c) Brinker was not on the City payroll nor a general employee of the City.

By virtue of the provisions of the Workmen's Compensation Act[1] (Act), a volunteer fireman becomes entitled to workmen's compensation if he is accidentally

---

[1] Act of June 2, 1915, P. L. 736; Act of June 21, 1939, P. L. 566, §1; Act of July 2, 1941, P. L. 222, §1; Act of April 18, 1949, P. L. 507, §1; Act of May 29, 1951, P. L. 439, §1; Act of September 29, 1951, P. L. 1617, §1; Act of April 12, 1956, P. L. (1955) 1468, §1, 77 P.S. §22-a.

injured while, as such employee, he is actually engaged as a fireman, or while going to or returning from any fire.[2] Brinker concedes, and, of course, it is the law that "In the place of common law liability based on negligence, a statutory scheme of compensation was established" and that the "obvious purpose of the Act [the Workmen's Compensation Act] was not only to limit the rights of employers and employees, but also to protect both parties from the hazards and expense of negligence litigation" and "the Act established a standard of compensation to be paid the employee as a ceiling on the employer's liability in such cases": *J. W. Brown, Jr. Equipment Rental Corp. v. Dickey,* 397 Pa. 454, 458, 155 A. 2d 836. Brinker, however, contends that, since he was an employee only for the limited purposes of the Act and not a general employee of the City, he should not be restricted to the remedy provided by the Act.

Neither *Lees v. State Workmen's Insurance Fund,* 146 Pa. Superior Ct. 70, 22 A. 2d 61 nor *Steffy v. Reading,* 353 Pa. 539, 46 A. 2d 182 support Brinker's contention. In *Lees,* supra, the Superior Court held that the coverage of the Act extended to volunteer firemen only if the injury or death occurred in the course of the performance of his duties while acting as a fireman and in consequence of his membership in the volunteer fire company; from the fact that the court said that a volunteer fireman is not a *general* employee of the municipality it does not follow that a volunteer fireman who is covered by the Act has a dual remedy, i.e., a claim in compensation and a suit in trespass, against the municipality. In *Steffy,* supra, this Court held that a paid driver in a volunteer fire company who is not a general employee of the municipality is not entitled to civil service protection; this Court's construc-

---

[2] Just so far as presently pertinent.

tion of the civil service statute in *Steffy* in no manner enlarges Brinker's right to sue the City. Both the City and Brinker accepted the provisions of the Act; the facts in the case at bar present the exact situation which motivated the legislature to include volunteer firemen within the Act. Brinker is restricted to but one remedy against the City, i.e., that provided in the Act.

Brinker's second contention is that the City nevertheless is required to defend in this trespass action. An examination of the complaint indicates clearly that the *sole* theory upon which the City has been sued is upon the doctrine implicit in the provisions of The Vehicle Code of April 29, 1959, P. L. 58, §623, 75 P.S. §623 wherein a city is made jointly and severally liable with any member of a volunteer fire company of any such city for any injuries or damage caused by the negligence of such fireman in the operation of the firefighting equipment. In effect, this statute recognizes the application of the doctrine of respondeat superior between a city and a volunteer fireman. Liability upon the City is not predicated in Brinker's complaint upon any action on its part as an active tortfeasor but rather upon the theory that it is the master responsible for the negligence of its servant, the volunteer fireman, who was actually driving the fire truck. In this respect, *Socha v. Metz,* 385 Pa. 632, 123 A. 2d 837 and *McIntyre v. Strausser,* 365 Pa. 507, 76 A. 2d 220, relied upon by Brinker, are inapposite. No right of contribution would exist between Brown, the City's codefendant, and the City and, in the absence of any averment that the City acted as an active tortfeasor, the doctrine of respondeat superior will not suffice to require the City to defend in this trespass action.

Judgment affirmed.

Mr. Justice MUSMANNO dissents.

Mr. Justice KEIM took no part in the consideration or decision of this case.