525 A.2d 848

Richard E. Temple, Appellant *v.* Milmont Fire Co. and Township of Ridley, Appellees.

Argued December 9, 1986, before President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Jeffrey M. Stopford,* for appellant.

*James J. Donohue,* with him, *James D. Shomper,* Of Counsel: *White and Williams,* for appellee, Milmont Fire Co.

*Ralph B. D'Iorio, Cramp, D'Iorio, McConchie & Forbes, P.C.,* for appellee, Ridley Township.

OPINION BY SENIOR JUDGE BARBIERI, May 13, 1987:

Appellant, Richard E. Temple, appeals here an order of the Court of Common Pleas of Delaware County granting the motions of the Appellees, the Township of Ridley (Township) and the Milmont Fire Company (Fire Company), for summary judgment. We affirm.

Appellant was a member of the Milmont Fire Company, a volunteer fire company, when he was injured during his participation in a fire fighting demonstration at Our Lady of Peace School on October 21, 1978. The demonstration was part of the Fire Company's Fire

Prevention Week activities. During the demonstration, Appellant was "pompiering," *i.e.* climbing down a rope, from the basket of a fire truck when the rope broke and he fell approximately thirty to forty feet to a paved parking lot below. As a result of his fall, Appellant sustained compound fractures of two bones of his right arm, compound fractures of all three bones in his right leg, as well as other injuries. Subsequent to the accident, Appellant received disability benefits pursuant to The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1031. He signed a final receipt for workmen's compensation benefits on April 2, 1979 after collecting disability benefits from October 21, 1978, until his return to work on April 23, 1979.

On September 15, 1980, Appellant filed a negligence action against the Township and the Fire Company in which he alleged that the rope that broke, causing his injuries, was negligently maintained. Both the Township and Fire Company raised the affirmative defense of Section 303 of the Act, 77 P.S. §481, as a bar to his negligence suit. Following discovery, the Appellees filed a Motion for Summary Judgment on the grounds that the Appellant was barred by the provisions of the Act from bringing suit. The common pleas court granted the Appellees' motion based upon Sections 303 and 601 of the Act, 77 P.S. §§481 and 1031. Appeal to this Court followed.

In this appeal, Appellant raises numerous assignments of error that we shall discuss in turn. In reviewing a grant of summary judgment, the appellate court must accept as true all well-pleaded facts in the non-moving party's pleadings and give the non-moving party the benefit of all reasonable inferences to be drawn therefrom. *Windber Area Authority v. Rullo,* 36 Pa. Commonwealth Ct. 131, 387 A.2d 967 (1978). Sum-

mary judgment may be entered only where there is no genuine issue of material fact and the appellate court must keep in mind that summary judgment may be granted only in the clearest of cases and must resolve all doubts against the Appellees. *Matson v. Parking Service Corp.*, 242 Pa. Superior Ct. 125, 363 A.2d 1192 (1976).

We initially note that Appellant does not challenge the common pleas court's grant of summary judgment to the Township. He does, however, challenge the court's basing its grant of summary judgment upon Sections 303 and 601 of the Act, 77 P.S. §§481 and 1031. Appellant contends that he was not an "employe" of the Township for purposes of the Act, although he concedes that there is no factual basis for the negligence allegations against the Township. We note from the outset that the Fire Company's participation in Fire Prevention Week was specifically authorized by a resolution enacted by the Township. Pursuant to 77 P.S. §1031, the Township became his "employer" for purposes of the Act upon his participation in the Fire Prevention Week demonstration. *See Steffy v. City of Reading*, 353 Pa. 539, 46 A.2d 182 (1946). We take particular note of our decision in *Borough of Wilmore v. New*, 54 Pa. Commonwealth Ct. 145, 419 A.2d 1383 (1980), wherein we held that volunteer firemen who were injured or killed while removing a picnic banner were performing duties authorized by the municipality even though the removal of that banner was not expressly authorized by the municipality. There, the banner was erected in connection with a fund raising picnic which we noted was a traditional function of volunteer fire companies in order to raise necessary funds for the purchase of equipment and training. Likewise, a fire company's participation in a demonstration of fire fighting techniques at a school during Fire Prevention Week is also a traditional function of volunteer fire companies in this Commonwealth.

It is undisputed that the Milmont Fire Company had been participating in Fire Prevention Week demonstrations since the mid-1960s. While the particular activity, *i.e.* pompiering, was not specifically authorized by the Township as part of the Fire Company's Fire Prevention Week activities, it was nevertheless one of the volunteer fireman's authorized duties that rendered him an "employe" under Section 601 of the Act. Thus, the Township's payment of workmen's compensation benefits under Section 301(a) of the Act, 77 P.S. §431, and Appellant's acceptance of the same, barred him from suing the Township since his sole remedy was within the provisions of the Act. The grant of summary judgment in favor of the Township on the basis of Section 303 of the Act, 77 P.S. §481, must be affirmed.

The issue of whether summary judgment was properly granted to the Fire Company is more complex. With respect to the Fire Company's immunity under the Act, that immunity will only be applicable if the Fire Company can be deemed to have been Appellant's employer at the time in question. Whether an injured employe may have more than one employer under the Act is raised here as an issue. Our reading of the Act, and research into the interpretative case law, convinces us that an employe may have more than one "employer" for purposes of the Act.

We initially note that under the Act, the General Assembly has provided for multiple liability to provide workmen's compensation benefits in certain circumstances. For example, in the subcontractor/contractor situation, Sections 302(a) and 302(b) of the Act, 77 P.S. §§461 and 462, provide that the prime contractor is the statutory employer of the employees of its subcontractors and is liable for the payment of workmen's compensation benefits to the subcontractors' injured employees unless the prime contractor required its subcontractors

to secure the payment of such benefits. *See Ace Tire Co. v. Workmen's Compensation Appeal Board (Hand),* 101 Pa. Commonwealth Ct. 186, 515 A.2d 1020 (1986); *Wright Demolition and Excavating Co. v. Workmen's Compensation Appeal Board (Manuel),* 61 Pa. Commonwealth Ct. 479, 434 A.2d 232 (1981). Thus, while the injured employe is the actual employe of the subcontractor, that same employe is also the statutory employe of the prime contractor as well for workmen's compensation purposes. In *Capozzoli v. Stone & Webster Engineering Corp.,* 352 Pa. 183, 42 A.2d 524 (1945), the Pennsylvania Supreme Court held that both the actual *and* statutory employers of a deceased employe were entitled to the immunity granted by the Act. The significant portion of the *Capozzoli* decision was the Supreme Court's holding that the statutory employer was still entitled to the immunity granted by the Act despite the fact it had relieved itself of the liability to pay workmen's compensation benefits by requiring the subcontractor to secure the payment of such benefits through the purchase of insurance. *Id.* at 188, 42 A.2d at 526. Under *Capozzoli,* the liability or responsibility to pay workmen's compensation benefits is not a prerequisite to being considered an "employer" under the Act and that decision can be read to hold that so long as the injured worker is provided with workmen's compensation benefits by *some* employer, all such employers under the Act are entitled to the grant of immunity in Section 303 of the Act, 77 P.S. §481. Thus, we conclude; as did the common pleas court, that the federal district court misconstrued the Act and interpretative case law in *Guffey v. Logan,* 563 F.Supp. 951 (E.D.Pa. 1983), when it held that an injured worker could have only one "employer" entitled to immunity under the Act. Appellant's reliance upon *Guffey* is misplaced.

The language of Section 601 of the Act, 77 P.S. §1031, provides workmen's compensation coverage to volunteer firemen similar to that provided employees of subcontractors by Section 302(a) of the Act, 77 P.S. §461. Section 601 makes the municipality liable for the payment of workmen's compensation benefits to volunteer firemen who are injured during the course of their duties as volunteer firemen as authorized by the municipality. Section 601 specifically includes volunteer firemen within the definition of "employe" found in Section 104 of the Act, 77 P.S. §22. Therefore, since a volunteer fireman can be considered an "employe" under Section 104, the municipality and the volunteer fire company are, by analogy, "employers" within the definition of Section 103 of the Act, 77 P.S. §21. Section 103 provides:

> The term 'employer,' as used in this act, is declared to be synonymous with master, and to include natural persons, partnerships, joint-stock companies, corporations for profit, corporations not for profit, municipal corporations, the Commonwealth, and all governmental agencies created by it.

Therefore, injured volunteer firemen may have two employers for purposes of the Act, the actual employer under whose supervision the fireman was working at the time of the injury, and the statutory employer, *i.e.*, the municipality, upon whom rests the responsibility for providing workmen's compensation benefits under Section 601. As Appellant was under the direct control and direction of the Fire Company during the demonstration at which he was injured, the Fire Company can conceivably qualify as an "employer" under the Act.

We are more troubled, however, by the application of Section 305 of the Act, 77 P.S. §501, upon the Fire

Company's liability. The pertinent portion of 77 P.S. §501 provides:

> When any employer fails to secure the payment of compensation under this act as provided in sections 305 and 305.2, the injured employee or his dependents may proceed either under this act or in a suit for damages at law as provided in article II

There is no question that the Fire Company did not secure the payment of workmen's compensation benefits, either by the purchase of insurance or qualifying as a self-insurer. Thus, it can be argued that Appellant could bring a negligence claim against the Fire Company pursuant to 77 P.S. §501 due to its failure to provide workmen's compensation coverage if it was required to do so under Sections 305 and 305.2 of the Act. *Harleysville Insurance Co. v. Wozniak,* 347 Pa. Superior Ct. 356, 500 A.2d 872 (1985). The pertinent issue now becomes whether the Fire Company was required to provide such coverage under Sections 305 and 305.2.

For the reasons that follow, we conclude that Section 305 does not expose the Fire Company to liability as a result of its failure to secure the payment of workmen's compensation benefits. The relationship of volunteer fire companies to the municipalities they serve was extensively discussed in our opinions in *Zern v. Muldoon,* 101 Pa. Commonwealth Ct. 258, 516 A.2d 799 (1986) and *Wilson v. Dravosburg Volunteer Fire Department,* 101 Pa. Commonwealth Ct. 284, 516 A.2d 100 (1986). In both *Zern* and *Wilson,* we held that volunteer fire companies are "local agencies" entitled to governmental immunity under 42 Pa. C. S. §8541.[1] In *Zern,* Presi-

---

[1] The defense of governmental immunity is not available to either the Township or the Fire Company since the accident giving rise to this suit occurred on October 21, 1978, after the Pennsylvania Supreme Court abolished the immunity doctrine as to charities,

dent Judge CRUMLISH noted that the history, structure, organization and public duty of volunteer fire companies distinguish them from any other organization in existence in this Commonwealth today. 101 Pa. Commonwealth Ct. at 270, 516 A.2d at 804. Specifically, in *Wilson* we held that volunteer fire companies, in the performance of their public firefighting duties, exist as entities acting on behalf of local government units. 101 Pa. Commonwealth Ct. at 287, 516 A.2d at 102. *See also Commonwealth v. Barker*, 211 Pa. 610, 61 A. 253 (1905). We consider the education of the public on firefighting techniques and fire prevention education during Fire Prevention Week to be part of their public firefighting duties. While the holding in *Wilson* was expressly limited to the governmental immunity provisions of the Judicial Code, 42 Pa. C. S. §§8541-8564, we find the analysis contained therein to be illustrative for our resolution of the case at bar. There are numerous statutes which aid volunteer fire companies and volunteer firemen which have been amply recited in *Harmony Volunteer Fire Co. v. Pennsylvania Human Relations Commission*, 75 Pa. Commonwealth Ct. 596, 602-604, 459 A.2d 439, 443 (1983). One of those statutory aids is Section 601 of the Act that makes volunteer firemen governmental employees for purposes of the Act. The General Assembly, therefore, has determined that the primary liability for the payment of workmen's compensation benefits should be borne by the municipality that

---

*Flagiello v. Pennsylvania Hospital,* 417 Pa. 486, 208 A.2d 193 (1965), and as to local municipalities, *Ayala v. Philadelphia Board of Education,* 453 Pa. 584, 305 A.2d 877 (1973), and before the General Assembly's reinstatement of governmental immunity by enactment of the Political Subdivision Tort Claims Act, Act of November 26, 1978, P.L. 1399, *formerly* 53 P.S. §§5311.101-5311.803, repealed and replaced by the Act of October 5, 1980, P.L. 693, *as amended,* 42 Pa. C. S. §§8541-8564.

the volunteer fireman serves, and not by the volunteer fire company itself. This is consistent with the rationale expressed in *Zern* and *Wilson* that such volunteer fire companies are local agencies when acting in their public firefighting duties. This position is further solidified by the General Assembly's prohibition of the replacement of volunteer fire companies by paid fire companies except by a majority vote in a local referendum.[2] *See* Act of June 13, 1955, P.L. 173, *as amended*, 53 P.S. §§3831-3834. Thus, by specifically making volunteer firemen governmental employees during the performance of their public firefighting duties, the General Assembly has expressly relieved the volunteer fire companies from having to secure the payment of workmen's compensation benefits to its members. It follows that the exclusion from immunity found in Section 305 does not apply to volunteer fire companies and they are immune under Section 303 of the Act, 77 P.S. §481. The General Assembly's intent would be frustrated by exposing the volunteer fire companies to suit by virtue of their failure to procure workmen's compensation insurance where the General Assembly has expressly relieved them of that burden.

Therefore, we conclude that the common pleas court correctly granted summary judgment in favor of both the Township and the Fire Company on the basis of

---

[2] This is just one more example of the favor and protection that the General Assembly has bestowed upon volunteer firemen and volunteer fire companies that further supports our view that it is inconceivable that the General Assembly intended to impose negligence liability upon volunteer fire companies. We further note that the municipality and the negligent volunteer fireman, not the volunteer fire company, are liable for the negligent operation of equipment by a volunteer fireman responding to an emergency. *See E.G. Brinker v. City of Greensburg*, 409 Pa. 110, 185 A.2d 593 (1962); *Steffy v. City of Reading*, 353 Pa. 539, 46 A.2d 182 (1946). *See also* former 75 Pa. C. S. §1576.

Section 303 of the Act, 77 P.S. §481, and its order shall be affirmed.

ORDER

Now, May 13, 1987, the Order of the Court of Common Pleas of Delaware County at Docket No. 80-12365, dated April 4, 1985, granting summary judgment in favor of Milmont Fire Co. and the Township of Ridley, is hereby affirmed.