572 A.2d 46

**William Douglas MERRYMAN, Appellant,**

**v.**

**FARMINGTON VOLUNTEER FIRE DEPARTMENT, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 2, 1989.

Decided March 20, 1990.

John M. Zeglen, for appellant.

Keith R. Mason, Pittsburgh, for appellee.

Before BARRY and PALLADINO, JJ., and BARBIERI, Senior Judge.

## OPINION

BARRY, Judge.

Appellant, William Douglas Merryman, a member of the appellee Farmington Volunteer Fire Department (Fire Department), was severely injured in a motor vehicle accident while riding as a passenger in a fire truck which was then being driven by Phillip Lee Dennis, a fellow member of the appellee Fire Department. The appellant's complaint alleges the following:

20. The Plaintiff's within cause of action is not a claim for Workers' Compensation Benefits.

21. The Defendant is not the Plaintiff's employer for Workers' Compensation purposes.

22. The Defendant did not have Workers' Compensation Insurance to cover Plaintiff's injuries as described hereinabove and has not paid any premiums for any Workers' Compensation Insurance.

23. The Plaintiff's employer for purposes of Workers' Compensation was and is The Wharton Township Board of Supervisors, who maintained Workers' Compensation Insurance and paid all Workers' Compensation premiums.

The Fire Department filed preliminary objections which challenged the subject matter jurisdiction of the court of common pleas over matters which involve workmen's compensation and further demurred that the complaint failed to state a cause of action upon which relief could be granted. On November 28, 1988, President Judge Richard D. Cicchetti sustained the defendant/appellee's preliminary objection in the nature of a demurrer.

Appellant argues that, because the appellee was not obligated to pay and/or failed to secure the payment of workmen's compensation, that a claim may be presented in a suit for damages at law in accordance with Section 305 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 501 (Supp.1989–90).

Appellant submits that the present case can be distinguished from *Temple v. Milmont Fire Co.*, 106 Pa.Commonwealth Ct. 120, 525 A.2d 848 (1987). Alternatively, appellant argues that *Temple* is in error and should be overruled. He argues that, at the time *Temple* was decided, Section 601 of the Act, 77 P.S. § 1031, did, indeed, provide that volunteer firemen were employees of the municipality that they serve, but contends that Section 601 has been amended and no longer provides that volunteer firemen are employees of the municipality they represent.[1]

1. The amended Section 601 reads as follows:
[M]embers of volunteer fire departments or volunteer fire companies, including any paid fireman who is a member of a volunteer fire company and performs the services of a volunteer fireman during off-duty hours, who shall be entitled to receive compensation in case of injuries received while actively engaged as firemen or while going to or returning from fire which the fire company or fire department attended including travel from and the direct return to a fireman's home, place of business or other place where he shall have been when he received the call or alarm or while participating in instruction fire drills in which the fire department or fire compa-

Because the Fire Department has failed to secure the payment of compensation under the Act, appellant claims a right to damages at law in accordance with Section 305. He does not deny that he has received workmen's compensation benefits from a policy taken out by the Township of Wharton, who paid the premiums on that policy, but he alleges that the existence of the township's policy does not relieve the appellee of its obligations and, accordingly, Section 305 permits a suit for damages.

In *Temple,* the claimant, a member of the Milmont Fire Company, a volunteer fire company, was hurt as a result of his participation in a firefighting demonstration. He sued the fire company and the Township of Ridley for injuries sustained when a rope broke that he was climbing down, causing personal injuries. In an opinion by Judge Barbieri of this Court it was held that an injured employee may have more than one employer under the Act. The Court further held that as long as the injured worker is provided with workmen's compensation benefits by *some* employer all such employers under the Act are entitled to the grant of immunity in Section 303 of the Act, 77 P.S. § 481. This Court specifically refused the interpretative case law in *Guffey v. Logan,* 563 F.Supp. 951 (E.D.Pa.1983), which held that an injured worker could have only one "employer" entitled to immunity under the Act. We note that the *Guffey* case, much relied upon by the appellant, was decided before *Temple,* which latter case, it is believed, was the first Pennsylvania state appellate case which decided this issue. We note further the case of *Capozzoli v. Stone & Webster Engineering Corp.,* 352 Pa. 183, 42 A.2d 524

ny shall have participated or while repairing or doing other work about or on the fire apparatus or buildings and grounds of the fire company or fire department upon the authorization of the chief of the fire company or fire department or other person in charge or while answering any emergency calls for any purpose or while riding upon the fire apparatus which is owned or used by the fire company or fire department or while performing any other duties of such fire company or fire department as authorized by the municipality or while performing duties imposed by section 15, act of April 27, 1927 (P.L. 465, No. 299), referred to as the Fire and Panic Act.

(1945), where the Pennsylvania Supreme Court, in an analogous situation, held that both the actual *and* statutory employers of a deceased employee were entitled to the immunity granted by the Act.

Appellant argues in the alternative that *Temple* should be overruled. We decline to do so and point to the language of Judge Barbieri in *Temple*, 106 Pa. at 130 n. 2, 525 A.2d at 852 n. 2: "[I]t is inconceivable that the General Assembly intended to impose negligence liability upon volunteer fire companies." We note further the cases of *Zern v. Muldoon*, 101 Pa.Commonwealth Ct. 258, 516 A.2d 799 (1986), *appeal dismissed*, 518 Pa. 75, 541 A.2d 314 (1988), and *Wilson v. Dravosburg Volunteer Fire Department*, 101 Pa.Commonwealth Ct. 284, 516 A.2d 100 (1986). These cases hold that volunteer fire companies are "local agencies" entitled to governmental immunity pursuant to 42 Pa. C.S. § 8541. We note in this connection the case of *Appeal of Tax Claim Unit of Northampton County*, 522 Pa. 230, 560 A.2d 1388 (1989). In that case, the court said as follows: "Defense of governmental immunity is an absolute defense, directly analogous to our holding in workmen's compensation cases and is not waivable, ... nor is it subject to any procedural device that could render a governmental agency liable beyond the exceptions granted by the legislature." (Citations omitted.) 522 Pa. at 232, 560 A.2d at 1389.

Accordingly, we affirm.

## ORDER

NOW, March 20, 1990, the order of the Court of Common Pleas of Fayette County, dated November 28, 1988, at No. 691 of 1987, G.D., is hereby affirmed.