**Joseph G. SOPPICK**

**v.**

**BOROUGH OF WEST CONSHOHOCKEN,**
**Appellant.**

Commonwealth Court of Pennsylvania.

Argued May 19, 2010.

Decided Oct. 8, 2010.

Ethan R. O'Shea, Lansdale, for appellant.

Frank P. Murphy, Norristown, for appellee.

BEFORE: LEADBETTER, President Judge, and McGINLEY, Judge, and SIMPSON, Judge, and LEAVITT, Judge, and BROBSON, Judge, and McCULLOUGH, Judge, and BUTLER, Judge.

OPINION BY Judge McCULLOUGH.

The Borough of West Conshohocken (Borough) appeals with permission from the November 24, 2009, interlocutory order of the Court of Common Pleas of Montgomery County (trial court), as amended by its order of December 16, 2009, denying the Borough's motion for summary judgment. We reverse.

The underlying facts are not in dispute. Joseph G. Soppick (Soppick) volunteered as a firefighter for the George Clay Fire Company (Fire Company), which is responsible for providing fire protection services for the Borough.[1] On March 4, 2005, during the course of his duties as a volunteer for the Fire Company, Soppick was knocked from the top of a fire truck by a high pressure stream of water, and he suffered injuries that left him temporarily disabled. During the time of his disability, Soppick received workers' compensation benefits in the amount of $477.32 per week.[2]

On May 14, 2007, Soppick filed a complaint against the Borough alleging that, at all relevant times, he was "a volunteer firefighter employed by the Borough." (R.R. at 4a–6a.) Soppick asserted in the complaint that he was a member of the "Borough of West Conshohocken, George Clay Fire Company" and further alleged that, as "a member of the West Conshohocken Fire Department"[3] who was injured during the course of fighting a fire, he is entitled to additional benefits under the act commonly known as the Heart and Lung Act.[4] (R.R. at 5a.)

---

1. One weekend every six weeks, Soppick also was paid to work as a driver for the Fire Company. As a periodic weekend driver for the Fire Company, Soppick was paid an hourly wage, and Soppick's 2004 and 2005 W–2 Wage and Tax Statements designate the Fire Company as his employer. (R.R. at 23a, 34a–35a, 46a–47a, 58a.)

2. This amount represented two thirds of Soppick's salary of $716.00 per week; the record does not identify the employment from which Soppick received this income.

3. As previously stated, the name of the fire company for which Soppick volunteered and periodically worked as a driver is the "George Clay Fire Company."

4. Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§ 637–38. The Heart and Lung Act

The Borough filed an answer denying that Soppick is entitled to Heart and Lung Act benefits. The Borough admitted that Soppick was a volunteer firefighter for the Fire Company but denied that he was a Borough employee. As new matter, the Borough asserted that Soppick was injured during the course of his volunteer duties with the Fire Company, that the Borough does not control or manage the Fire Company, and that the Borough did not employ Soppick or pay him for his volunteer services to the Fire Company. Thereafter, the Borough filed a motion for judgment on the pleadings, which the trial court denied.

After discovery in the case was completed, the Borough filed a motion for summary judgment, which the trial court also denied. The trial court amended its November 24, 2009, order to allow for an immediate appeal to this Court, and we granted the Borough's petition for permission to appeal by order dated January 28, 2010.[5]

■ Section 1(a) of the Heart and Lung Act provides in relevant part as follows:

(a) Any member of the State Police Force, any enforcement officer or investigator employed by the Pennsylvania Liquor Control Board, and the parole agents, enforcement officers and investigators of the Pennsylvania Board of Probation and Parole, Capitol Police officers, correction employes employed by the Department of Corrections, whose principal duty is the care, custody and control of inmates, psychiatric security aides employed by the Department of Public Welfare and the Department of Corrections, whose principal duty is the care, custody, and control of the criminally insane, drug enforcement agents of the Office of Attorney General whose principal duty is the enforcement of the drug laws of the Commonwealth, special agents of the Office of Attorney General whose principal duty is the enforcement of the criminal laws of the Commonwealth, any member of the Delaware River Port Authority Police, **any** policeman, **fireman** or park guard **of any county, city, borough, town or township,** or any sheriff or deputy sheriff **who is injured in the performance of his duties including, in the case of firemen, duty as special fire police, and by reason thereof is temporarily incapacitated from performing his duties, shall be paid** by the Commonwealth of Pennsylvania if a member of the State Police Force or an enforcement officer or investigator employed by the Pennsylvania Liquor Control Board or the parole agents, enforcement officers and investigators of the Pennsylvania Board of Probation and Parole, Capi-

provides a full salary to employees temporarily disabled by injuries sustained in the performance of police work, firefighting and other jobs involving public safety. *Heath v. Pennsylvania Board of Probation and Parole,* 869 A.2d 39 (Pa.Cmwlth.2005). Here, Soppick sought weekly benefits in the amount of $238.68, representing the difference between his workers' compensation benefits and his full salary.

5. Our scope of review of a grant or denial of summary judgment is limited to determining whether the trial court committed an error of law or an abuse of discretion. *Kaplan v. Southeastern Pennsylvania Transportation Authority,* 688 A.2d 736 (Pa.Cmwlth.1997). Summary judgment is appropriate only when, after examining the record in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Guy M. Cooper, Inc. v. East Penn School District,* 903 A.2d 608 (Pa.Cmwlth.2006). When reviewing a question of law, our scope of review is plenary, and our standard of review is de novo. *Davis v. Southeastern Pennsylvania Transportation Authority,* 980 A.2d 709 (Pa.Cmwlth.2009).

tol Police officers, correction employes employed by the Department of Corrections, whose principal duty is the care, custody and control of inmates, psychiatric security aides employed by the Department of Public Welfare and the Department of Corrections, whose principal duty is the care, custody, and control of the criminally insane, drug enforcement agents of the Office of Attorney General whose principal duty is the enforcement of the drug laws of the Commonwealth, special agents of the Office of Attorney General whose principal duty is the enforcement of the criminal laws of the Commonwealth, or by the Delaware River Port Authority if a member of the Delaware River Port Authority Police or **by the county, township or municipality, by which he is employed, his full rate of salary, as fixed by ordinance or resolution, until the disability arising therefrom has ceased.**

53 P.S. § 637(a) (emphasis added).

█ There is no dispute that Soppick was injured in the performance of his volunteer firefighting duties and was temporarily incapacitated as a result. (R.R. at 36a, 50a.) However, the Borough contends that Soppick is not entitled to Heart and Lung Act benefits because Soppick has never been employed by the Borough,

paid by the Borough, or paid pursuant to an ordinance or resolution. Soppick acknowledges that he was serving as a volunteer for the Fire Company, and not in his capacity as a paid driver, when he was injured on March 4, 2005, and that he was not compensated for his services as a volunteer firefighter. (R.R. at 35a–36a.) Soppick nevertheless argues that he is entitled to Heart and Lung Act benefits because he is deemed to be a Borough employee under section 601(a)(1) of the Workers' Compensation Act (Act),[6] which states in part as follows:

(a) In addition to those persons included within the definition of the word "employe" as defined in section 104, "employe" shall also include:

(1) members of volunteer fire departments or volunteer fire companies ... who shall be entitled to receive compensation in case of injuries received while actively engaged as firemen or while going to or returning from a fire ... or while performing any other duties of such fire company or fire department as authorized by the municipality....

77 P.S. § 1031(a)(1).[7]

█ Importantly, the Workers' Compensation Act and the Heart and Lung Act are materially different statutes. Under

**6.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 1031(a)(1). Section 601 was added by section 15 of the Act of December 5, 1974, P.L. 782.

**7.** Although volunteers generally are not entitled to benefits under the Workers' Compensation Act, volunteer firefighters are the only firefighters in most Pennsylvania communities and have long enjoyed workers' compensation insurance coverage. *Borough of Heidelberg v. Workers' Compensation Appeal Bd. (Selva),* 894 A.2d 861 (Pa.Cmwlth.2006), *aff'd,* 593 Pa. 174, 928 A.2d 1006 (2007); *White Haven Borough v. Workmen's Compensation Appeal Board. (Cunningham),* 92 Pa.Cmwlth. 123, 498 A.2d 1003 (1985).

However, even though volunteer firefighters are deemed to be municipal employees under section 601(a)(1), the volunteer fire department remains the individual's "employer" and is protected by the exclusive remedy provisions of the Workers' Compensation Act. *Merryman v. Farmington Volunteer Fire Department,* 132 Pa.Cmwlth. 124, 572 A.2d 46 (1990); *Temple v. Milmont Fire Company,* 106 Pa.Cmwlth. 120, 525 A.2d 848 (1987). Thus, in addition to providing a financial safeguard to volunteer firefighters, section 601(a)(1) relieves volunteer fire companies from having to secure the payment of workers' compensation benefits to its members. *Borough of Heidelberg; Temple.*

the Workers' Compensation Act, an employee who is totally disabled as a result of a work-related injury is entitled to receive sixty-six and two-thirds per cent of his average weekly wage.[8] The Workers' Compensation Act is similar to accident insurance, and it seeks to provide compensation commensurate with damage from accidental injury as a fair exchange to the employee for relinquishing every other action against his employer. *City of Erie v. Workers' Compensation Appeal Board (Annunziata)*, 575 Pa. 594, 838 A.2d 598 (2003). Thus, the Workers' Compensation Act relieves the injured employee from the economic consequences of his injury and makes such consequences part of the employer's cost of doing business. *Id.* The Workers' Compensation Act is remedial in nature and, in order to further its humanitarian objectives, is to be liberally construed in favor of the injured employee. *Id.; Krawchuk v. Philadelphia Electric Co.*, 497 Pa. 115, 439 A.2d 627 (1981).

In contrast, the Heart and Lung Act is intended to serve the interest of the public employer, not the disabled employee, and is based on the theory that the promise of full income to employees in a hazardous industry could serve to attract qualified individuals to professions involving public safety. *City of Erie; Kurtz v. City of Erie*, 389 Pa. 557, 133 A.2d 172 (1957). Additionally, the Heart and Lung Act grants full salary and continuation of employee benefits to eligible employees. 53 P.S. § 637(a); *Kurtz*, 389 Pa. at 561, 133 A.2d at 174 ("It is significant that this statute provide[s] for the payment of 'salary,' rather than 'compensation'. . . ."). Although, in that sense, the Heart and Lung Act is more generous than the Workers' Compensation Act, its scope is in fact much narrower and its language is to be strictly construed. *City of Erie. See also Jones v. County of Washington*, 725 A.2d 255 (Pa.Cmwlth.1999) (holding that, although the Heart and Lung Act covers "any . . . park guard of any county," a deputy sheriff assigned to work at county parks was not entitled to Heart and Lung benefits because deputy sheriffs are not identified as employees covered under the Heart and Lung Act, which must be strictly construed); and *Allen v. Pennsylvania State Police*, 678 A.2d 436 (Pa.Cmwlth. 1996) (holding that a police officer who arrived early at the police station and was injured while preparing for his regularly scheduled shift was not entitled to benefits under the Heart and Lung Act, which applies only when an employee is "injured in the performance of his duties" and must be strictly construed).[9] The Heart and Lung Act explicitly and narrowly identifies seventeen categories of employees, but it does not identify volunteers in any capacity as covered individuals. Because this statute is to be strictly construed, we are constrained from interpreting section 601(a)(1) of the Workers' Compensation Act as rendering Soppick a Borough employee for purposes of the Heart and Lung Act.

Soppick argues that a contrary conclusion would further the purpose of the

---

8. Section 306(a)(1) of the Workers' Compensation Act, 77 P.S. § 511(1).

9. Pursuant to the Statutory Construction Act, all provisions of a statute enacted prior to September 1, 1937, that are in derogation of the common law must be strictly construed. 1 Pa.C.S. § 1928(b)(8). The Heart and Lung Act was enacted in June of 1935 and is in derogation of the common law in that it imposes liability on employers whether or not they are at fault for the injuries of their employees. *City of Erie.* Thus the Statutory Construction Act requires that the provisions of the Heart and Lung Act be strictly construed. *Organ v. Pennsylvania State Police*, 112 Pa. Cmwlth. 352, 535 A.2d 713 (1988).

Heart and Lung Act to benefit municipalities by attracting qualified individuals to volunteer for the hazardous duties involved in firefighting. In this regard, we note it has been estimated that 80% of Pennsylvania's firefighters are unpaid volunteers. *White Haven Borough v. Workmen's Compensation Appeal Board (Cunningham)*, 92 Pa.Cmwlth. 123, 498 A.2d 1003, 1006–07 n. 7. Our courts have recognized that "firefighting, whether paid or voluntary, is an extremely hazardous occupation. Firemen risk their lives for us, the citizens. We work, sleep and go about our business in a relative degree of comfort because we know that our firemen are willing to take this risk to protect us and our loved ones." *Borough of Heidelberg*, 894 A.2d at 866 (quoting *Bley v. Department of Labor & Industry*, 484 Pa. 365, 369–70, 399 A.2d 119, 121–22 (1979)). The legislature also has acknowledged the contributions of such volunteers to the general welfare of this Commonwealth by recognizing them as municipal employees eligible for workers' compensation. However, the legislature has not extended coverage to volunteers under the Heart and Lung Act. Regardless of whether Soppick's assertion has merit, where as here, the language of the statute is clear, the remedy is for the legislature to fashion, not this court. This court is "bound to apply the plain language of a statute, even if we would have drafted the statute differently...." *City of Erie*, 575 Pa. at 608, 838 A.2d at 606.

Because, by its plain language, the Heart and Lung Act provides benefits to enumerated classes of municipal employees, but not volunteers, and because Soppick was not a Borough employee, the trial court erred in denying the Borough's motion for summary judgment.

Accordingly, we reverse.

***ORDER***

AND NOW, this 8th day of October, 2010, the order of the Court of Common Pleas of Montgomery County, dated December 16, 2009, is hereby reversed.