IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barbara Tiano,                          :
                    Petitioner          :
                                        :
          v.                            :   No. 438 C.D. 2022
                                        :   Submitted: April 6, 2023
City of Philadelphia and                :
PMA Management Corp.                    :
(Workers' Compensation                  :
Appeal Board),                          :
                    Respondents         :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                  FILED: August 17, 2023


          Barbara Tiano (Claimant) has petitioned this Court to review the
adjudication of the Workers' Compensation Appeal Board (Board), which reversed
in part the decision of the Workers' Compensation Judge (WCJ) and remanded for
appropriate subrogation calculations in favor of the City of Philadelphia and PMA
Management Corp. (collectively, Employer). On appeal, Claimant argues that
Employer is not entitled to recover, by subrogation against her award from a third-
party tortfeasor, benefits paid pursuant to what is commonly known as the Heart and
Lung Act (HLA).[1] Based on well-established precedent, we affirm.

_____
[1] Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§ 637-38.

# I. BACKGROUND[2]

Claimant was employed as a police officer by Employer. On October 20, 2016, Claimant sustained a work-related injury after falling into a utility hole. Employer accepted responsibility for Claimant's injury by a Notice of Compensation Payable under the Workers' Compensation Act (the WC Act).[3] In lieu of WC benefits, Employer paid HLA benefits to Claimant.

In August 2019, Claimant was awarded $450,000 from a settlement against PECO Energy Co., the third-party tortfeasor responsible for her injury.[4] Claimant has recovered $50,000 of the settlement. After dispersing attorney's fees and additional costs, a total of $264,385.31 remains in escrow pending resolution of the HLA lien.

In April 2020, Employer filed review and modification petitions seeking subrogation against Claimant's third-party recovery.[5] Employer asserted a lien of $325,074.63, comprised of $13,782.26 in medical payments, $319,206.63 in wage loss benefits, and $5,868.00 in indemnity payments.

On May 29, 2020, while Employer's petitions were pending before the WCJ, the parties reached an agreement to cease HLA benefits because Claimant had

---

[2] Unless stated otherwise, we adopt the factual background for this case from the WCJ's decision, which is supported by substantial evidence of record. *See* WCJ Dec., 6/9/21.

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2710.

[4] *See* Settlement Agreement. Claimant describes the circumstances leading to her injury: "while investigating a vehicle collision, [] she stepped into a hole left by a utility company [PECO Energy Co.] which had previously relocated the utility hole." Claimant's Br. at 5.

[5] Because this appeal only concerns the underlying issues involved in Employer's review and modification petitions, a complete dispensation of the procedural history, including other petitions filed throughout the course of these proceedings, is unnecessary.

achieved maximum medical improvement. Additionally, Employer presented evidence that Claimant's HLA benefits had changed to WC benefits.[6]

On June 9, 2021, the WCJ denied Employer's petitions in part and limited its subrogation right to benefits paid *after* the parties' settlement. The WCJ determined that prior to the parties' agreement, Claimant was only paid HLA benefits. The WCJ concluded that once the HLA benefits stopped pursuant to the parties' agreement, Claimant then began receiving WC benefits. Accordingly, the WCJ found that Employer could begin subrogating paid WC benefits as of the May 29, 2020 agreement. Employer appealed.

The Board affirmed in part, reversed the WCJ on the subrogation issue, and remanded for calculations. Bd. Op., 4/18/22, at 13. Citing established precedent from this Court,[7] the Board concluded that because the third-party settlement arose from a non-motor vehicle related cause of action, Employer has a subrogation right

---

[6] Although both the WCJ and the Board cite "May 24, 2020," as the date that Employer presented evidence of an alleged change in benefits, we cannot find additional support for this date in the record. *See* WCJ Dec., 6/9/21, Findings of Fact (F.F.) at 16; Bd. Op., 4/18/22, at 8. This appears to be a typographical error, as the parties agreed to cease HLA benefits on May 29, 2020, which seems to be the only evidentiary support in the record of an alleged change in benefits. *See* Agreement Order, 5/29/20.

[7] The Board relied on *Alpini v. Workers' Compensation Appeal Board (Tinicum Township)* (Pa. Cmwlth., No. 92 C.D. 2020, filed July 19, 2021) (*Alpini I*), *rev'd*, *Alpini v. Workers' Compensation Appeal Board (Tinicum Township)*, 294 A.3d 307 (Pa. 2023) *(Alpini II)*. During the pendency of this appeal, after the Board issued its decision and Claimant filed a review petition before this Court, our Supreme Court issued a reversal of *Alpini I*. Nevertheless, because *Alpini I* and *II* involve an underlying injury caused by a motor vehicle, neither matter governs the matter *sub judice*. *See Reynolds v. Zoning Hearing Bd. of Abington Twp.*, 578 A.2d 629, 630 n.1 (Pa. Cmwlth. 1990) (we may affirm a lower ruling under a different rationale where our basis to affirm is clear from the record).

to paid HLA benefits from the date of the work injury, October 20, 2016. *Id*. at 9-12. Claimant timely petitions this Court for review.[8]

## II. ISSUES

Claimant argues that Employer, a self-insured government entity, has no subrogation right to paid HLA benefits against her third-party recovery, *regardless* of whether the underlying injury was caused by a motor vehicle. Claimant's Br. at 20; *see generally id*. at 14-21. Alternatively, Claimant asserts that even if this Court were to find that Employer is entitled to subrogation, it is nevertheless barred from exercising this right under Section 23 of Act 44[9] due to Claimant's status as a government employee. *Id*. at 21-25.

## III. DISCUSSION[10]

### A. Jurisdiction

As a preliminary matter, Employer seeks dismissal of Claimant's review petition on the grounds that it is an interlocutory appeal that predated the WCJ's remand decision. Emp.'s Br. at 13-14. An appeal of a remand order is permissible where execution of the adjudication on remand does not require exercise of administrative discretion. *See* Pa. R.A.P. 311(f)(1). Generally, a remand

---

[8] On August 1, 2022, during the pendency of Claimant's appeal to this Court, the WCJ issued a remand decision. The WCJ found that Employer's payments to Claimant from the injury date to present were WC benefits, thereby entitling Employer to a subrogation lien of $264,385.31 (Claimant's remaining settlement). WCJ Remand Dec., 8/1/22, at 6. Because the WCJ lacked the authority to issue a decision *after* Claimant filed a review petition before this Court, this remand decision is a nullity. *See* Pa.R.A.P. 1701(a).

[9] Act of July 2, 1993, P.L. 190, No. 44 § 25(b) ("Act 44"). Section 23 of Act 44 is available in the historical and statutory notes of Section 305 of the WC Act. *See* 77 P.S. § 501; *Stermel v. Workers' Comp. Appeal Bd. (City of Phila.)*, 103 A.3d 876, 886 (Pa. Cmwlth. 2014).

[10] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, or whether necessary findings of fact are supported by substantial evidence. *Cmwlth. v. Workers' Comp. Appeal Bd. (Piree)*, 182 A.3d 1082, 1086 n.8 (Pa. Cmwlth. 2018).

4

instruction for an "appropriate award" that involves the computation of benefits is an appealable order which does not require exercise of discretion. *SKF USA, Inc. v. Workers' Comp. Appeal Bd. (Smalls)*, 728 A.2d 385, 387 (Pa. Cmwlth. 1999); *City of Phila. v. Workers' Comp. Appeal Bd. (Doherty)*, 716 A.2d 704, 704 n.1 (Pa. Cmwlth. 1998) (declining to quash the employer's appeal as interlocutory based on a ministerial remand instruction to calculate average weekly wages). *But see Jones v. Workers' Comp. Appeal Bd. (Steris Corp.)*, 874 A.2d 717, 721-22 (Pa. Cmwlth. 2005) (holding that the calculation of litigation costs required the WCJ's discretion because "[f]or litigation costs to be reasonable, the WCJ must ascertain the extent to which they relate to the 'matter at issue' on which the [c]laimant prevailed"). Here, the Board remanded to the WCJ for calculations consistent with its determination that Employer's subrogation right to paid benefits began from the date of injury. Bd. Dec., 4/18/22, at 13. Accordingly, use of further discretion was not required. *See Smalls*, 728 A.2d at 387. Thus, we decline to dismiss Claimant's appeal as interlocutory and proceed to the merits of this case. *See* Pa. R.A.P. 311(f)(1).

**B. Subrogation Right**

We begin by discussing the interplay of the two statutes at issue: the WC Act and the HLA, which each compensate employees following work-related injuries but operate under distinct statutory frameworks. *City of Phila. v. Workers' Comp. Appeal Bd. (Ford-Tilghman)*, 996 A.2d 569, 573 (Pa. Cmwlth. 2010). The WC Act serves as "accident insurance," by paying 66⅔% of a totally disabled employee's pre-injury wages in exchange for her consent to relinquish all other actions against her employer. *Soppick v. Borough of West Conshohocken*, 6 A.3d 22, 26 (Pa. Cmwlth. 2010). The WC Act is remedial in nature and liberally construed in favor of the injured employee to achieve its humanitarian objectives. *Id*. By

5

contrast, the HLA is more narrowly applied and only accessible to important public safety personnel, like police officers and firefighters. *Id.*; *see also City of Erie v. Workers' Comp. Appeal Bd. (Annunziata)*, 838 A.2d 598, 602-603 (Pa. 2003). Yet, to attract qualified persons to public safety professions, the HLA provides more generous benefits than the WC Act by paying injured employees their full salaries during recovery. *Soppick*, 6 A.3d at 26.

Here, the parties' competing views may be summarized as follows: Claimant argues that Employer cannot recover HLA benefits from a third-party settlement *regardless* of the cause of the underlying injury, *see* Claimant's Br. at 20; whereas Employer maintains that it is *only* barred from subrogating paid HLA benefits where the underlying action involves a motor vehicle, which is not implicated here. *See* Emp.'s Br. at 19.

This Court has expressly resolved this issue. While there is no functional equivalent to Section 319 of the WC Act, which affords employers a subrogation right to paid WC benefits, 77 P.S. §671,[11] Pennsylvania common law has recognized an employer's right to subrogation of paid HLA benefits against a third-party tortfeasor.[12] *City of Phila. v. Zampogna*, 177 A.3d 1027, 1030 (Pa. Cmwlth. 2017). *See also Stermel*, 103 A.3d at 878; *Fulmer v. Pa. State Police*, 647

---

[11] *See* Section 319 of the WC Act, 77 P.S. § 671 ("the employer shall be subrogated to the right of the employe . . . against such third party to the extent of the compensation payable . . . by the employer").

[12] Although "not directly implicated by this case, … normally in subrogation, the right of action lies in the injured employee, and the action for subrogation against the third-party tortfeasor is brought in the employee's name." *Frazier v. Workers' Comp. Appeal Bd. (Bayada Nurses, Inc.)*, 52 A.3d 241, 248 n.10 (Pa. 2012). In the subrogation context, reimbursement "is an independent cause of action available to an employer[] and brought against solely the injured employee after he receives an award or settlement from the third-party tortfeasor." *Id.* We use "subrogation" in this opinion for simplification of analysis, where the majority of cited cases use the same terminology. However, as in *Frazier*, "this case only concerns reimbursement." *Id.*

A.2d 616, 619 (Pa. Cmwlth. 1994); *Cmwlth. v. Workers' Comp. Appeal Bd. (Piree)*, 182 A.3d 1082, 1087 (Pa. Cmwlth. 2018); *Kenney v. Workers' Comp. Appeal Bd. (Lower Pottsgrove Twp. & Del. Valley Workers' Comp. Tr)*, 213 A.3d 1055, 1060 (Pa. Cmwlth. 2019). The public policy support for subrogation is three-fold, it allows for prevention of: (1) a claimant's double-recovery, (2) an employer from making payments based on a third-party's negligence, and (3) a third-party escape of liability for its negligence. *Id*. Our Supreme Court has long recognized that "[*t*]*here can be no question* of the right of the [employer] to recover by way of subrogation from the third[-]party tortfeasor all the salary, medical and hospital expenses paid to or for [the claimant]." *Topelski v. Universal S. Side Autos, Inc.*, 180 A.2d 414, 420 (Pa. 1962) (emphasis added).[13]

Thus, in Pennsylvania, the general rule is that an employer has a subrogation right regardless of the underlying benefit available to a claimant. *Id.* at 421 (observing that the doctrine of subrogation is designed to place the burden of debt on the responsible party and is rooted in considerations of equity, good conscience, and the promotion of justice). Stated otherwise, irrespective of whether the claimant is the recipient of WC or HLA benefits, an employer is entitled to recoup benefit payments from any third-party recovery that the injured employee has secured. *Stermel*, 103 A.3d at 878.

There are recognized exceptions to this rule. For example, there is a critical distinction between the WC Act and the HLA in the subrogation context where the underlying injury is caused by the "use or maintenance" of a motor vehicle, invoking the Motor Vehicle Financial Responsibility Law. *See* 75 Pa. C.S.

---

[13] In fact, our Supreme Court previously recognized Pennsylvania as the only jurisdiction to allow subrogation under equitable principles in the absence of a controlling statute. *Topelski*, 180 A.2d at 420 n.3.

§§ 1701-1799. In such matters, an employer paying HLA benefits has no right to subrogation of a claimant's third-party recovery. *Pa. State Police v. Workers' Comp. Appeal Bd. (Bushta)*,184 A.3d 958, 962 (Pa. 2018). Although frequently involved in subrogation cases before this Court, the motor vehicle exception is not implicated here, and therefore, irrelevant to the present case.[14]

Accordingly, the general rule is applicable. As such, Employer is entitled to recover paid HLA benefits from Claimant's third-party recovery. *See Zampogna*; *Stermel*; *Topelski*.

Despite the clear legal support for Employer's subrogation right, Claimant argues that Employer asserts an unauthorized subrogation right by manipulating its self-insured status to reclassify its payments of HLA benefits as WC benefits. Claimant's Br. at 17-18. We disagree. It is true that a self-insured employer paying HLA benefits does not also tender payment of WC benefits.[15] *Annunziata*, 838 A.2d at 605 n.7. Additionally, there appears to be some evidence of record of Employer's attempt to recharacterize its payment of HLA benefits as

---

[14] Claimant maintains that Employer has no right to subrogate paid HLA benefits "in any case, motor vehicle or otherwise." Claimant's Br. at 12 (emphasis in original). To advance this argument, she relies on *Stermel*, the "broader" holding of *Annunziata* and *Oliver v. City of Pittsburgh*, 11 A.3d 960, 966 (Pa. 2011) (*Oliver II*). Claimant's Br. at 20. However, *Stermel, Bushta*, and *Oliver II*, all involved underlying injuries caused by motor vehicle accidents, and although *Annunziata* did not involve a motor vehicle, it did not concern a subrogation issue either. Accordingly, Claimant's cited precedent does not support a subrogation bar in the present matter.

[15] An employer is responsible to pay WC benefits to an injured employee receiving HLA benefits. *Annunziata*, 838 A.2d at 605. To prevent double recovery, a claimant must return any WC benefits to her employer that she receives during payment of HLA benefits. *Id.*; Section 1 of the HLA, 53 P.S. § 637. However, self-insured employers paying HLA benefits are absolved from also paying WC benefits. *Annunziata*, 838 A.2d at 605 n.7. Instead, to "avoid th[e] absurdity" in such situations of paying a claimant WC benefits, only for the claimant to remit them back to the employer, a self-insured employer may issue an NCP and refuse to pay WC benefits. *Id.*

8

WC benefits.[16] *See* WCJ Dec., 6/9/21, Findings of Fact (F.F.) at 16. However, this distinction is only critical to matters involving the Motor Vehicle Financial Responsibility Law, which precludes an employer's subrogation of paid HLA benefits. *Stermel*, 103 A.3d at 885 n.15. Outside of claims involving motor vehicle incidents, this Court recognizes an employer's subrogation right against third-party recovery for payments of *either* benefit. *Id.* at 878. Because Employer retains a subrogation right under both Acts in non-motor vehicle cases, the categorization is a distinction without difference in the present matter. Therefore, although Employer tendered payments to Claimant in the form of HLA benefits, it holds a subrogation right regardless of how benefits are classified because this underlying injury did not involve a motor vehicle. *See Stermel*; *Zampogna*.

In further effort to distinguish HLA and WC benefits to prevent Employer's subrogation, Claimant contends that the Legislature intended to treat HLA benefits differently, and to hold otherwise would have a chilling effect on employing first responders. Claimant's Br. at 20-21. We reject this assertion. Claimant's argument fails to consider that the Legislature *already* affords preferential treatment to public safety personnel by paying their full salaries through the HLA, as opposed to 66⅔% of weekly wages under the WC Act. *Compare* Section 1 of the HLA, 53 P.S. § 637, *with* Section 306(a) of the WC Act, 77 P.S. § 511(1). Moreover, subrogation represents other important public policy interests. *See Stermel*, 103 A.3d at 878. Therefore, we reject Claimant's arguments and conclude that because this case does not arise out of the "use or maintenance" of a

_____

[16] In subrogation cases, this Court has rejected an employer's attempts to characterize part of a claimant's receipt of her full salary of HLA benefits as WC benefits. *See Piree*, 182 A.3d at 1090.

9

motor vehicle, Employer is entitled to a subrogation right of paid benefits against Claimant's third-party recovery. *See Stermel*; *Zampogna*.

## C. Immunity Claim

Alternatively, Claimant maintains that if a subrogation right does exist, Section 23 of Act 44 bars Employer's recovery based on her government employee status. Claimant's Br. at 21-25. This argument lacks legal support.

Section 23 of Act 44 codifies a sovereign immunity doctrine, which protects government officials and employees acting within the scope of their duties from subrogation claims against a claimant's tort recovery in workers' compensation matters.[17] *See* 77 P.S. § 501 (historical and statutory notes).

However, Section 23 of Act 44 does not protect Claimant's government employee status as *the injured party*. It protects government *tortfeasors*, not injured government parties, and does not preclude an employer's subrogation right against its own employee's third-party recovery. *See Oliver v. City of Pittsburgh*, 977 A.2d 1232, 1242 (Pa. Cmwlth. 2009) (*Oliver I*), *rev'd on other grounds*, 11 A.3d 960 (Pa. 2011) (*Oliver II*). *See also Stermel*, 103 A.3d at 886 n.16 (resolved matter without reaching immunity issue but acknowledged that the claimant's government employee status was irrelevant because he was the injured party, not the tortfeasor). Further, it does not bar Employer's subrogation right to recoup benefits paid to Claimant from settlement proceeds received by Claimant from a *private*, third-party

---

[17] Section 23 of Act 44 provides:

> The Commonwealth, its political subdivisions, their officials and employees acting within the scope of their duties shall enjoy and benefit from sovereign and official immunity from claims of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits.

*See* 77 P.S. § 501 (historical and statutory notes).

tortfeasor. *See Frazier v. Workers' Comp. Appeal Bd. (Bayada Nurses, Inc)*, 52 A.3d 241, 247 (Pa. 2012) (recognizing that Section 23 bars subrogating against a third-party recovery where the third party is a government entity). Here, PECO Energy Co. is a private, non-government entity. Thus, Section 23 of Act 44 is inapplicable.

## IV. CONCLUSION

Our precedent clearly supports Employer's subrogation right to recoup paid HLA benefits from third-party settlement proceeds. *See Stermel*; *Zampogna*. Further, Claimant is not immune from Employer's right of subrogation. *See Stermel*; *Frazier*. Accordingly, for the foregoing reasons, we affirm.

LORI A. DUMAS, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barbara Tiano,                          :
                        Petitioner      :
                                        :
            v.                          :     No. 438 C.D. 2022
                                        :
City of Philadelphia and                :
PMA Management Corp.                     :
(Workers' Compensation                  :
Appeal Board),                          :
                        Respondents     :


# **O R D E R**

AND NOW, this 17th day of August, 2023, the order of the Workers'

Compensation Appeal Board, entered April 18, 2022, is AFFIRMED.


_____
LORI A. DUMAS, Judge